IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11cv201

| | | |
|---|---|---|
| BARBARA P. MOORE and MELVIN J. MOORE, JR., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | ORDER |
| STATE FARM INSURANCE COMPANY T/D/B/A STATE FARM FIRE AND CASUALTY COMPANY, | ) ) ) ) ) | |
| Defendant. | ) ) | |

Pending before the Court is Defendant's Motion for Summary Enforcement of Parties' Settlement Agreement [# 20]. Defendant moves this Court to enforce a settlement that it contends the parties reached during mediation. Plaintiff Melvin Moore ("Plaintiff") contends that no settlement was ever reached between the parties and, thus, there is no agreement to enforce.

District Courts have the inherent authority to enforce settlement agreements. Williams v. Prof'l Transp., Inc., 388 F.3d 127, 131 (4th Cir. 2004); Hensley v. Alcon Labs., Inc., 277 F.3d 535, 540 (4th Cir. 2002); see also Lopez v. Xtel Constr. Grp., LLC, 796 F. Supp. 2d 693, 698 (D. Md. 2011). The Court, however, cannot enforce a settlement agreement until it determines that the parties reached a complete agreement and determines each of the terms and conditions of the

settlement agreement. Hensley, 277 F.3d at 540. "Thus, to exercise its inherent power to enforce a settlement agreement, a district court (1) must find that the parties reached a complete agreement and (2) must be able to determine its terms and conditions." Id. at 540-41. Where a factual dispute over the terms of the agreement or over the existence of the settlement agreement is present, the district court may not summarily enforce the settlement agreement. Id. at 541; see also Lopez, 796 F. Supp. 2d at 699; Martin v. Senn Dunn LLC, No. 1:05cv63, No. 1:05cv462, 2005 WL 2994424, at *3 (M.D.N.C. Nov. 7, 2005). Rather, the Court must conduct a plenary hearing and make findings on the issue in dispute. Williams, 388 F.3d at 131-32; Hensley, 277 F.3d 541. "If a district court concludes that no settlement agreement was reached or that agreement was not reached on all the material terms, then it must deny enforcement." Hensley, 277 F.3d at 541. Moreover, where the Court finds after such a hearing that the parties did not reach complete agreement on all the terms of the settlement, then the parties must be placed in the exact position they were in prior to the defective settlement agreement, even where this means that a party will be required to return proceeds it previously received from another party as part of the settlement. See Wood v. Va. Hauling Co., 528 F.2d 423, 425 (4th Cir. 1975); see also Wright v. Liberty Med. Supply, Inc., No. 7:09cv2490, 2011 WL 3235762, at *1 (D.S.C. Jul. 25, 2011); Martin, 2005 WL 2994424, at * 3. In such a situation, the case will also

be restored to the trial calendar so that the case can proceed as if no settlement had occurred.  Wood, 528 F.2d at 425.

Here, the parties dispute the existence of the settlement agreement. Although it appears from the affidavits and other evidence in the record that the parties never actually entered into a binding settlement agreement because Plaintiff never accepted the terms of the agreement and Plaintiff's counsel did not have authority to bind Plaintiff to the terms of any such settlement, the Court will withhold ruling on this issue until after conducting an evidentiary hearing. Accordingly, the Court **DIRECTS** the parties to appear for an evidentiary hearing at 10:00 a.m. on March 8, 2013, in Courtroom 2 at the United States District Court Western District of North Carolina, Asheville Division, 100 Otis Street, Asheville, North Carolina.  At the hearing, the Court will hear evidence and address the issue of whether the parties entered into a binding settlement agreement as to all the material terms of the settlement agreement.

Signed: February 26, 2013

Dennis L. Howell
United States Magistrate Judge