# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:11cv201

| | |
|---|---|
| BARBARA P. MOORE and MELVIN J. MOORE, JR., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>STATE FARM INSURANCE )<br>COMPANY T/D/B/A STATE FARM )<br>FIRE AND CASUALTY COMPANY, )<br>)<br>Defendant. )<br>_____ ) | ORDER |

Pending before the Court is Defendant's Motion Summary Enforcement of Parties' Settlement Agreement [# 20]. Defendant moves this Court to enforce a settlement agreement that it contends the parties reached during mediation. Plaintiff Melvin Moore ("Plaintiff") contends that no settlement was ever reached between the parties and, thus, there is no agreement to enforce. On March 8, 2013, the Court conducted an evidentiary hearing and heard evidence regarding whether the parties reached a settlement in this matter. Upon a review of the record, the parties' briefs, and after considering the evidence presented at the evidentiary hearing, the Court **DENIES** the motion [# 20].

1

**I. Analysis**

District Courts have the inherent authority to enforce settlement agreements. Williams v. Prof'l Transp., Inc., 388 F.3d 127, 131 (4th Cir. 2004); Hensley v. Alcon Labs., Inc., 277 F.3d 535, 540 (4th Cir. 2002); see also Lopez v. Xtel Constr. Grp., LLC, 796 F. Supp. 2d 693, 698 (D. Md. 2011). The Court, however, cannot enforce a settlement agreement until it determines that the parties reached a complete agreement and determines each of the terms and conditions of the settlement agreement. Hensley, 277 F.3d at 540. "Thus, to exercise its inherent power to enforce a settlement agreement, a district court (1) must find that the parties reached a complete agreement and (2) must be able to determine its terms and conditions." Id. at 540-41.

In ruling on a motion to enforce a settlement, the Court draws upon standard contract principles. Bradley v. Am. Household, Inc., 378 F.3d 373, 380 (4th Cir. 2004); Hensley, 277 F.3d at 540; see also Lopez, 796 F. Supp. 2d at 699. One such principle is that the formation of a contract requires offer, acceptance, and consideration. Kinesis Adver., Inc. v. Hill, 652 S.E.2d 284, 292 (N.C. Ct. App. 2007). "It is essential to the formation of any contract that there be mutual assent of both parties to the terms of the agreement so as to establish a meeting of the minds." Creech v. Melnik, 495 S.E.2d 907, 911-12 (N.C. 1988) (internal quotations and citations omitted). Typically, mutual assent to an agreement is

"established by an offer by one party and an acceptance by the other . . . ." Id. at 912.

Where a factual dispute over the terms of the agreement or over the existence of the settlement agreement is present, the district court may not summarily enforce the settlement agreement. Hensley, 277 F.3d at 541; see also Lopez, 796 F. Supp. 2d at 699; Martin v. Senn Dunn LLC, No. 1:05cv63, No. 1:05cv462, 2005 WL 2994424, at *3 (M.D.N.C. Nov. 7, 2005). Rather, the Court must conduct a plenary hearing and make findings on the issue in dispute. Williams, 388 F.3d at 131-32; Hensley, 277 F.3d 541. "If a district court concludes that no settlement agreement was reached or that agreement was not reached on all the material terms, then it must deny enforcement." Hensley, 277 F.3d at 541. Moreover, where the Court finds after such a hearing that the parties did not reach complete agreement on all the terms of the settlement, then the parties must be placed in the exact position they were in prior to the defective settlement agreement, even where this means that a party will be required to return proceeds it previously received from another party as part of the settlement. See Wood v. Va. Hauling Co., 528 F.2d 423, 425 (4th Cir. 1975); see also Wright v. Liberty Med. Supply, Inc., No. 7:09cv2490, 2011 WL 3235762, at *1 (D.S.C. Jul. 25, 2011); Martin, 2005 WL 2994424, at * 3. In such a situation, the case will also be restored to the trial calendar so that the case can proceed as if no settlement had

occurred. Wood, 528 F.2d at 425.

After considering the evidence presented during the hearing, including weighing the testimony of the parties' witnesses, the Court finds that the parties did not reach an agreement in this case. Plaintiff Melvin Moore never accepted the terms of the agreement. He neither signed the settlement agreement nor orally expressed his consent to the terms of the agreement. And absent acceptance by Plaintiff of the terms of the settlement agreement, there can be no contract. See generally Creech, 495 S.E.2d at 911-12. At most, the attorneys in this case reached a preliminary agreement as to the terms of a settlement, which required the consent of the parties.[1] Because no settlement agreement was ever reached between the parties, the Court cannot enforce the agreement. See Hensley, 277 F.3d at 541.

Defendant, however, contends that the Court should enforce the settlement agreement despite the fact that the evidence demonstrates that Plaintiff Moore never expressly agreed to the terms of the settlement agreement because his attorney had the apparent authority to bind him to the terms of the agreement and specifically agreed to the terms of the agreement on Plaintiff's behalf. "Apparent authority results from a principal's manifestations of an agent's authority to a third

---

1   Although an attorney has the implied authority to negotiate a settlement, he or she does not possess the implied authority to enter into a settlement on behalf of the client. Auvil v. Grafton Homes, Inc., 92 F.3d 226, 229-30 (4th Cir. 1996); Ragsdale v. Potter, 227 F. App'x 271, 272 n.1 (4th Cir. 2007) (unpublished).

4

party, regardless of the actual understanding between the principal and agent." Auvil, 92 F.3d at 230; see also Ward v. Durham Life Ins. Co., 381 S.E.2d 698, 703 (N.C. 1989); Manecke v. Kurtz, 731 S.E2d 217, 221 (N.C. Ct. App. 2012). In support of its contention, Defendant relies on Purcell Int'l Textile Grp., Inc. v. Algemene AFW N.V., 647 S.E.2d 667, 669 (N.C. Ct. App. 2007). In Purcell, the North Carolina Court of Appeals held that the attorney for the defendants had the apparent authority to bind his client to a settlement despite the fact that the attorney offered a settlement amount that exceeded his actual authority.[2] Id. at 671. As the Court in Purcell explained:

> Based on his actual authority, Hinnant engaged in negotiations offering settlement figures of $400,000.00 and $500,000.00, and plaintiff declined both offers. Each time plaintiff declined a settlement offer Hinnant established a pattern of following up with a new offer featuring a larger amount of money. Thus, when Hinnant offered a settlement of $850,000.00 which exceeded his actual authority, plaintiff could have reasonably assumed that offer was within Hinnant's authority and had no reason to know that Hinnant had exceeded his limits. Zimmerman, 286 N.C. at 30, 209 S.E.2d at 799. Thus, the agreement negotiated by Hinnant bound defendants despite the fact that Hinnant exceeded his authority and violated his duty to defendants.

Id.

Unlike the situation in Purcell, counsel for Plaintiff Moore did not have the apparent authority to enter into the settlement agreement at issue and, thus, he

---

2   The Court also notes that the Court in Purcell was applying a different standard than the one applicable to whether a district court may enforce a settlement agreement in federal court.

could not bind Plaintiff to its terms. Plaintiff, who was also at the mediation, did not manifest his attorney's authority to settle his claims. Moreover, unlike in Purcell, this is not a case where an attorney had express authority to settle a case for a specified amount but exceeded that amount during settlement negotiations. The evidence presented at the hearing demonstrated that counsel for Plaintiff never had the express authority to settle these claims for any amount; the authority to accept a settlement of the claims always remained with the client. Based on the facts presented to the Court at the hearing, and after considering the testimony of the witnesses, the Court finds that counsel for Plaintiff Moore did not have the actual, implied, or apparent authority to bind his client to the settlement agreement.

Finally, this is not a case where a party consented to a settlement and later changed his mind. The evidence was clear that at no point did Plaintiff Moore ever consent to the settlement agreement, and his attorney did not have the authority to settle the claims on his behalf. Plaintiff Moore did not sign the agreement, he vocalized at the mediation his refusal to consent to the terms of the agreement, and the parties left the mediation without an executed agreement. Accordingly, the Court finds that the settlement agreement is not enforceable. The Court **DENIES** Defendant's motion [# 20].

## II. Conclusion

The Court **DENIES** Defendant's Motion Summary Enforcement of Parties' Settlement Agreement [# 20]. The Court will enter a separate order setting the pretrial conference in this matter.

Signed: March 12, 2013

Dennis L. Howell
United States Magistrate Judge